Dear Chief Abrahams:
You request a legal opinion of the attorney general as to the legality of allowing golf carts to use the city streets. You explain that members of the city council have asked you whether, if the city council adopted an ordinance allowing usage of golf carts on city streets, such ordinance would be valid or whether it would conflict with state law. In our opinion, such an ordinance would ordinarily conflict not only with state law but also federal law, since federal law has preempted state law on the matter and defines the minimum safety standards and safety equipment to be met on all vehicles used on public roads, highways, and streets.
The Louisiana Motor Vehicle Code, La. — R.S. 32:1, et seq., defines a "low-speed vehicle" as "a four-wheeled electric-powered vehicle with a maximum speed of not less than 20 miles per hour but not more than twenty-five miles per hour and is equipped with the minimum motor vehicle equipment appropriate for vehicle safety as required in49 C.F.R. § 571.500." La.R.S. 32:1(40). The Code also provides that low speed vehicles "may be operated on any dived highway, highway, roadway, or street where the posted speed limit is thirty-five miles per hour or less and may cross any dived highway, highway, roadway, or street with a posted speed limit in excess of thirty-five miles per hour at an intersection or may traverse any dived highway, highway roadway, or street with a posted limit of not more than forty-five miles per hour for a distance not exceeding one quarter mile as a means of conveyance in connecting with one divided highway, highway, roadway, or street where the posted speed limit is no more than thirty-five miles per hour." La.R.S. 32:300.1(A). However, this statute confirms that a low-speed vehicle may only be operated in such manner if it is "equipped with the minimum motor vehicle equipment appropriate for motor vehicle safety as provided in *Page 2 49 C.F.R. § 571.500." La. 32:300.1.[1] If a low speed motor vehicle such as a golf cart, is not equipped with this minimum safety equipment, then state law dictates that it may not be operated on any public highway, roadway, or street in Louisiana.
We understand that ordinary golf carts do not meet these specifications and standards. Legal representatives of the Office of Motor Vehicles have informed us that those vehicles meeting these specifications will bear a certain certificate on the frame of the vehicle certifying that the vehicle meets them. Only in that event can they be registered and licensed for use on the public streets. Moreover, if ordinary golf carts are "souped up" so as not to meet the definition of a "low-speed" vehicle, then they must apparently comply with all of the safety and other specifications and standards of a normal automobile.
R.S. 32:51 provides,
 No person shall operate, or permit to be operated, any motor vehicle upon the highways of this state unless it is registered with the commissioner, the license tax is paid thereon, and it is operated in accordance with the provisions of this Chapter and other laws of this state.
Unless a golf cart is registered and licensed, it cannot be operated on the public streets, highways, and roads of this state, and it will not be registered and licensed unless it meets the specifications and standards explained above.
R.S. 32:53(A) and (D) provide,
 A. No person shall drive or move, nor cause or knowingly permit any vehicle owned or controlled by him to be driven or moved, on any highway of this state, at any time, any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person or property, or which does not contain those parts or is not at all times equipped with such lamps and other equipment, in proper condition and adjustment, as required in this Chapter, or which is constructed or equipped in any manner in violation of this Chapter, and no person shall do any act forbidden or fail to perform any act required under this Chapter.
 * * * *Page 3 D. No person shall drive a vehicle upon highways within this state, or permit or allow any vehicle owned by him or under his control to be driven on said highways, unless and until such vehicle bears an inspection tag showing it to have been inspected and approved as required by the provisions of R.S. 32:1301-32:1310, if such vehicle is required to be so inspected.
We understand that ordinary golf carts do not meet the required specifications of safety equipment, nor, therefore, can they pass inspection and receive inspection tags. [Golf carts generally do not fall within the exceptions, established by Sub-section C of this statute, for farm vehicles, such as tractors, and highway construction vehicles.]
We trust that this opinion has adequately answered your request, but if you have any additional questions, please do not hesitate to ask them of us. With warmest regards, we remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 THOMAS S. HALLIGAN
 Assistant Attorney General
 JDC/TSH/sfj
[1] This section further explains that the equipment required by49 C.F.R. § 571.500 "shall include headlamps, front and rear turn signal lamps, tail lamps, stop lamps, reflect reflectors, and including one and each side as far to the rear as practicable, and one reflector in the rear of the vehicle, an exterior mirror mounted on the driver's side of the vehicle and either an exterior mirror mounted on the passenger's side of the vehicle or an interior mirror, a parking brake, a windshield that conforms to the American National Standard Institute's `Safety Code for the Safety Glazing Materials for Glazing Motor Vehicles Operating on Land Highways', a windshield wiper, speed odometer, odometer, braking for each wheel, a seat assembly installed at each designated seating position, and a vehicle identification number." La.R.S. 32:300.1 (B);see also 49 C.F.R. Section 571.500.